UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCISCO CONTRERAS,

    Plaintiff,

v.                                        Case No:  2:18-cv-676-SPC-CM

LEXINGTON INSURANCE
COMPANY,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on *sua sponte* review of Defendant Lexington Insurance Company's Notice of Removal. (Doc. 1). After review, the Court finds Defendant failed to meet its burden to establish the amount in controversy.

This case arises from an insurance policy dispute. Plaintiff Francisco Contreras claims Defendant breached the property insurance policy by failing to pay all insurance benefits owed to him because of hurricane damage. Plaintiff initiated this action against Defendant in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida. (Doc. 4). Defendant timely removed the case to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332 as grounds for removal. (Doc. 1).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." (citations omitted)). A district court has proper jurisdiction over a matter if diversity jurisdiction exists. See 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In an action removed to federal court, the removing defendant bears the burden of showing federal jurisdiction as of the date of removal. See *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Truck Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003)).

Here, Defendant satisfies the diversity of citizenship prong but fails to show the amount in controversy exceeds $75,000. In the Complaint, Plaintiffs allege damages exceeding the sum of $15,000, the minimum amount in controversy required to establish jurisdiction in the state circuit court. (Doc. 4). The Complaint is devoid of factual details about the specific damage to Plaintiff's property. Because the amount in controversy is not facially apparent from the Complaint, the Court looks to the Notice of Removal and other evidence existing at the time of removal to determine if the jurisdictional amount is met.

The Notice of Removal has the same issue as the Complaint. Defendant only asserts that the amount exceeds $75,000 but includes no further details. (Doc. 1). This

is plainly insufficient. See *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."); *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Thus, Defendant has not met its burden in establishing that the amount in controversy exceeds $75,000. Nonetheless, the Court will allow Defendant an opportunity to establish such jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendant Lexington Insurance Company must **SUPPLEMENT** the Notice of Removal as set forth in this Order on or before **October 31, 2018,** to show cause why this case should not be remanded for lack of subject matter jurisdiction. **Failure to comply with this Order will result in this case being remanded without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of October 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record